OPINION. Black, Judge: We have but one issue to decide in this proceeding, and that is whether the disbursements made by petitioner Green Bay & Western Railroad Co. in the taxable years 1937 and 1939 on its class A and class B debentures represented interest paid on indebtedness which it owed to the holders of these debentures and therefore were deductible under section 23 (b) of the applicable revenue acts, or whether these disbursements were, as the Commissioner contends, in the nature of dividends paid to the holders of these debentures who were not creditors of the corporation but whose interests represented by these debentures were proprietary, and therefore payments thereon not deductible as interest under section 23 (b). There is no dispute as to the correct amounts of these disbursements which petitioner accrued on its books during the respective taxable years. The only dispute is as to their deductibility. The statutes and regulations involved are printed in the margin.[1] The question of whether a certain obligation is in reality capital stock or indebtedness and whether the increment therefrom is therefore a dividend or interest has often been the subject of tax litigation. The leading cases are collected and analyzed in Mertens, Law of Federal Income Taxation, vol. 4, sec. 26.10. The Seventh Circuit recently in Commissioner v. Meridian & Thirteenth Realty Co., 132 Fed. (2d) 182, enumerated the criteria named to aid in the determination as follows: Fixed maturity; payment of dividends out of earnings only; cumulative dividends, participation in managem jnt; whether unpaid dividends bear interest; right to sue in case of default, and whether status is equal to, or inferior to that of regular corporate creditors; nomenclature used in the documents; intent of the parties. In the instant case neither debentures A nor B had any fixed date of maturity. They were only payable upon the sale or reorganization of the Green Bay & Western Kailroad Co. The dividends were payable out of earnings only and were not cumulative. There was no provision that the holders might sue in case there was a default. All payments had to be declared by the board of directors and it is clear that these debentures were subordinate to all creditors, both secured and unsecured. The holders of class B debentures were even subordinate to stockholders, as will be plainly seen by a reading of the class B debentures. In view of these facts we think we must hold that class A and class B debentures did not represent indebtedness against the corporation, but represented proprietary interest in the corporation. It is true that the holders of these debentures had no vote and could not participate in the management of the company, but that is by no means uncommon to holders of proprietary interests. Many issues of preferred stock have no voting rights and not infrequently corporations chartered under the laws of some of the states issue certain classes of common stock which have no voting rights. We think the facts of the instant case are no stronger for the taxpayer than were the facts in Commissioner v. Schmoll Fils Associated, Inc., 110 Fed. (2d) 611. In that case the corporation involved had issued nonmaturing debentures under a refinancing plan to former holders of cumulative preferred stock, providing that 7 percent cumulative interest should be payable exclusively from profits until principal should be paid or debentures should be called for redemption ; that common stock should not receive dividends until two years surplus for payment of debenture interest had been accumulated: and that debentures should be subordinated to rights of bank creditors. Under the facts the court held that the payments which Schmoll Fils Associated, Inc., made to the holders of these debentures were in substance “dividends” and not “interest on indebtedness” within the meaning of the statute authorizing the deduction of interest. We think we must so hold in the instant case. Cf. Golden Belt Lumber Co., I. T. C. 741; Ticker Publishing Co., 46 B. T. A. 399. Petitioner relies upon, among other cases, H. R. De Milt Co., 7 B. T. A. 7, and John Kelley Co., 1 T. C. 457, now on review by the Seventh Circuit. These cases we think are clearly distinguishable on their facts. In the De Milt case, while there are some points of similarity to the facts of the instant case, there are others of very important differences. In the De Milt case the debentures had a definite date of maturity, whereas the debentures here have no definite date of maturity. In the De Milt case the 6 percent payable annually on the debentures was cumulative. Here the debentures expressly provide that the payments shall not be cumulative. In the De Milt case it was provided that all interest must be paid on the debentures before any dividends could be paid on the capital stock of the corporation. Here the provisions in the debentures with reference to the distribution of earnings to the debenture holders were very different from what they were in the De Milt case. These provisions are fully set out in our findings of fact and need not be repeated here. Suffice it to say that class A debentures and capital stock were entitled to receive distributions of earnings up to 5 percent when declared by the board of directors before the holders of class B debentures were entitled to receive anything. These facts which we have enumerated above we think serve to distinguish the De Milt case from the instant case. In the case of John Kelley Co., supra, another case strongly relied upon by petitioner, there were important points of difference from the facts of the instant case. In the Kelley case (1) there was a trust indenture setting forth the terms and conditions upon which the debenture bonds were issued and the power and duties of the trustees. Here there is no trust indenture. (2) There was a definite date of maturity. Here there is none. (3) The interest of 8 percent per annum was payable quarterly out of earnings, and did not have to be declared by the board of directors. Here all payments on the debentures must first be declared by the board of directors. (4) Bemedy for default in payment of the interest was provided. Here no remedy for default is provided. (5) The debentures were to be subordinated to all creditors, but were to be paid ahead of stockholders. Here the debentures are subordinate to all creditors, but are not to be paid ahead of stockholders. Payments of the principal of class A debentures were to be paid pro rata with stockholders and class B debentures were not entitled to any payment on principal until all class A debentures and' stockholders had been paid in full. The above enumerated differences we think clearly distinguish the instant case from the Kelley case. Petitioner cites and urges other cases, but it would unnecessarily prolong this opinion to discuss them all in detail. Suffice it to say that we think they are distinguishable on their facts. For reasons stated above we sustain the Commissioner in his dis-allowance of the claimed deductions by petitioner in the years 1937 and 1939 of alleged interest on class A and class B debentures. Decision will be entered for the respondent, Revenue Act of 1936 and the Internal Revenue Code— SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions : [[Image here]] (b) Interest. — All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued afrer September 24, 7 917. and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this title. Regulations 94 and 301— Art. 23 (b)-l. — Interest.—* * * ******* • * * So-called Interest on preferred stoclc, w’hich is in reality a dividend thereon, cannot be deducted in computing net income. * * *